# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLA J. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-799-R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Darla J. Sanders brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure. Upon review of the administrative record (Doc. No. 8, hereinafter "R. __") and the arguments and authorities submitted by the parties, the undersigned recommends that the Commissioner's decision be reversed and remanded.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed applications for DIB and SSI on December 13, 2010. R. 130-35, 153. Plaintiff alleged a disability onset date of November 28, 2008, and sought

benefits on the basis of degenerative disc disease, muscle and nerve damage, depression, knee problems, tailbone spur, and cluster headaches. R. 153, 157. Following denial of her applications initially and on reconsideration, Plaintiff requested and was granted a hearing before an ALJ, which was held on October 2, 2012. R. 31-84, 88-94. In addition to Plaintiff, a vocational expert appeared and testified at the hearing. R. 35-60. The ALJ issued an unfavorable decision on January 25, 2013. R. 15-24.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 28, 2008. R. 17. At step two, the ALJ found that Plaintiff had the severe impairments of: degenerative disc disease, headaches, double depression, fibromyalgia, and obesity. R. 17. At step three, the ALJ determined that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17-19.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 19-23; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The ALJ found that Plaintiff had the ability to perform light work, subject to additional restrictions:

> [T]he claimant has the [RFC] to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks.

> The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but [can] have no contact with the general public.

R. 19; *see* 20 C.F.R. §§ 404.1567(b), .1569a, 416.967(b), .969a. The ALJ determined at step four that Plaintiff had no past relevant work. R. 23.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 23-24. Taking into consideration the vocational expert's testimony regarding the degree of erosion to Plaintiff's unskilled, light occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform the unskilled, light occupations of apparel stock checker, small parts assembler, and price marker, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 23-24. On that basis, the ALJ held that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from November 28, 2008, through the date of the decision. R. 24; *see* 20 C.F.R. §§ 404.1520(g), 416.920(g).

Plaintiff's request for review of this decision was denied by the SSA Appeals Council on March 20, 2014. R. 3-7. Thus, the ALJ's unfavorable decision stands as the Commissioner's final determination of Plaintiff's DIB and SSI applications. *See* 20 C.F.R. §§ 404.981, 416.1481. Thereafter, Plaintiff commenced this appeal.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169

(10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the administrative law judge's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for various reasons. Foremost among these is the ALJ's alleged failure to properly assess Plaintiff's severe impairment of obesity in combination with her other severe impairments. Pl.'s Br. (Doc. No. 10) at 20-22.[1] Plaintiff argues that the ALJ's RFC finding and subsequent unfavorable disability decision are flawed because the ALJ failed to adequately address Plaintiff's obesity, as he was required to do by

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

4

Social Security Ruling ("SSR") 02-1p. *See* SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002). Specifically, Plaintiff contends that the ALJ failed to properly consider how Plaintiff's obesity affects her subjective symptoms, such as pain, and whether her obesity exacerbates her limitations and her other medically determinable impairments. Pl.'s Br. at 21-22. The undersigned agrees, finding that remand is warranted on this basis, and therefore does not address Plaintiff's alternative arguments for reversal. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

In October 2012, Plaintiff testified at the hearing before the ALJ that she was 5'5" or 5'6" and weighed 190 pounds. R. 36. In response to the ALJ's questioning, Plaintiff further stated that she had weighed "around 140" her whole life but had gained weight in the last three years. R. 37. Plaintiff's testimony is consistent with the records submitted by various medical personnel, which reflect that over the course of the relevant disability period—i.e., from November 2008 to January 2013—Plaintiff's weight increased significantly. *See, e.g.*, R. 273, 276, 279, 284, 298, 361, 388, 399, 401, 403, 415, 419, 420, 430, 433, 437, 440. In late 2012 and early 2013, Plaintiff's weight fluctuated at levels between 185 and 191.4 pounds. R. 419, 420, 430, 433, 440. In September 2012, Plaintiff was treated by Diana Hager, MD, who noted that Plaintiff was 5'6" and weighed 191.4 pounds, with a Body Mass Index of 30.9. R. 430.

At step two, the ALJ expressly found that Plaintiff's obesity was a severe impairment. R. 17. As a general matter, having found that Plaintiff's obesity was a "severe impairment" that would "significantly limit[]" Plaintiff's ability to work, the ALJ was obligated to address functional restrictions associated with that impairment. *See* 20 C.F.R.

5

§§ 404.1520(a)(4)(ii), (c), (e), (g), 416.920(a)(4)(ii), (c), (e), (g); R. 17. Further, pursuant to SSR 02-1p, the ALJ was required, in assessing Plaintiff's RFC, "to give adequate consideration to the effect of [Plaintiff's] obesity in combination with her other severe impairments." *See Hamby v. Astrue*, 260 F. App'x 108, 112 (10th Cir. 2008) (citing SSR 02-1p, 2002 WL 34686281, at *6).

At step three, the ALJ stated that he had considered Plaintiff's obesity "pursuant to the provisions of SSR 02-1p." R. 18. However, there is no further mention of Plaintiff's obesity. SSR 02-1p provides that Plaintiff's Body Mass Index of 30.9 classifies her as obese for purposes of the sequential evaluation process. SSR 02-1p, 2002 WL 34686281, at *2; R. 430. Upon such classification, the ALJ was required to analyze the functional loss and limitations caused by Plaintiff's obesity, both alone and in combination with other impairments. *See* SSR 02-1p, 2002 WL 34686281, at *6. Although the ALJ accepted Plaintiff's obesity as a severe impairment, the ALJ did not specifically identify "any functional limitations resulting from the obesity in the RFC assessment," or adequately explain why there were no such limitations, as instructed by SSR 02-1p. *See id.* at *6-7; R. 19-23. Nor did the ALJ address whether obesity affected or exacerbated Plaintiff's severe impairments of degenerative disc disease, headaches, double depression, or fibromyalgia, again as instructed by SSR 02-1p. R. 17, 19-23; *see* SSR 02-1p, 2002 WL 34686281, at *3 ("Obesity may also cause or contribute to mental impairments such as depression."), *4 (requiring ALJ to "consider the possibility of coexisting or related conditions, especially as the level of obesity increases").

The Commissioner argues that the ALJ's consideration of Plaintiff's obesity was adequate because the ALJ included limitations on Plaintiff's nonexertional abilities in his RFC finding sufficient to accommodate any limitations owing to Plaintiff's obesity. Def.'s Br. (Doc. No. 12) at 22-23.[2] The ALJ did place multiple nonexertional restrictions upon Plaintiff in the RFC determination. *See* R. 19 (limiting Plaintiff's ability to climb, balance, stoop, kneel, crouch, crawl, and reach). Neither the ALJ nor this Court, however, is permitted to assume that these restrictions reflect consideration of Plaintiff's obesity. The ALJ may "'not make assumptions about the severity or functional effects of obesity combined with other impairments'" because "'[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment.'" *Hamby*, 260 F. App'x at 112 (quoting SSR 02-1p, 2002 WL 34686281, at *6); *cf.* SSR 02-1p, 2002 WL 34686281, at *6 ("The effects of obesity may not be obvious."). Rather, the ALJ must "explain how he reached his conclusions on whether obesity caused any physical or mental limitations." *Baker v. Barnhart*, 84 F. App'x 10, 14 (10th Cir. 2003) (alterations and internal quotation marks omitted). Through this argument, the Commissioner essentially asks the Court to find that any lack of adherence by the ALJ to the prescriptions of SSR 02-1p constitutes harmless error. But the Tenth Circuit has insisted upon compliance with SSR 02-1p, rejecting the application of harmless-error doctrine in a case "where, as here, the claimant's 'obesity

---

[2] For purposes of the Social Security Act, "nonexertional" limitations are those that affect a claimant's ability to meet all requirements of work other than the "exertional" or strength demands of "sitting, standing, walking, lifting, carrying, pushing," and "pulling." 20 C.F.R. §§ 404.1569a(a), 416.969a(a).

7

was urged, and acknowledged by the ALJ, as a severe impairment.'" *DeWitt v. Astrue*, 381 F. App'x 782, 786 (10th Cir. 2010) (quoting *Diaz v. Comm'r of Social Sec.*, 577 F.3d 500, 504 (3d Cir. 2009)).

The Commissioner additionally points out that certain medical records discussed by the ALJ contained references to Plaintiff's height and weight. Def.'s Br. at 23 (citing R. 19, 21). In discussing these records, however, the ALJ did not note these height-weight references, and the ALJ did not expressly rely upon—or reject—those portions of the physicians' opinions in reaching his RFC determination. *See* R. 19 (ALJ discussing report from Robin Hall, MD (R. 298)), 21 (ALJ discussing opinions of consulting physicians who had reviewed Dr. Hall's report (R. 324, 331)). The Court is not permitted to supply the ALJ's rationale for his RFC determination in a post hoc manner. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."); *Zemp-Bacher v. Astrue*, 477 F. App'x 492, 495 (10th Cir. 2012) ("The court must rely on the conclusions drawn by the ALJ . . . ."). Further, the Court should not "engage in an impermissible reweighing of the evidence" or "substitute [its] judgment for that of the Commissioner." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

In sum, despite citing to SSR 02-1p, the ALJ provided "no discussion of the effect of obesity on [Plaintiff's] other severe impairments." *Hamby*, 260 F. App'x at 112. The ALJ's failure to discuss the functional limitations that may be caused by Plaintiff's obesity, or the combined effect of this severe impairment with Plaintiff's additional

impairments, is an error that undermines the ALJ's RFC finding. This matter should be remanded for further consideration by the Commissioner. *See id.* at 113; *DeWitt*, 381 F. App'x at 786; SSR 02-1p, 2002 WL 34686281, at *1-7.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this opinion.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72(c). Any such objections must be filed with the Clerk of this Court by September 1, 2015. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 18th day of August, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE