# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLA J. SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-14-799-R |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Darla J. Sanders filed this action seeking review of the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court referred the matter to United States Magistrate Judge Charles B. Goodwin for preliminary review. On August 18, 2015, Judge Goodwin issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be reversed and the case remanded. Doc. No. 15. The matter is currently before the Court on Defendant's objection to the Report and Recommendation (Doc. No. 16), giving rise to the Court's obligation to conduct a *de novo* review. For the following reasons, the Court declines to adopt the Report and Recommendation.

## Relevant Background

The Court sets forth only the background that is relevant to the instant Order. The Administrative Law Judge ("ALJ") determined that Plaintiff had five severe impairments:

degenerative disc disease, headaches, double depression, fibromyalgia, and obesity. Administrative Record ("AR") 17. Based on these impairments, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), representing the most work Plaintiff was able to perform despite any limitations from impairments. AR 19-23; *see also* 20 C.R.F. § 404.1545(a)(1). Plaintiff, the ALJ determined, had the ability to perform light work, subject to certain restrictions. AR 19. The ALJ concluded that Plaintiff could perform certain unskilled, light occupations which offer jobs that exist in significant numbers in the national economy. AR 23-24. Based on this conclusion, the ALJ held that Plaintiff had not been under a disability as defined in the Social Security Act. AR 24. This decision became the final decision of the Commissioner of the Social Security Administration.[1]

Plaintiff sought judicial review under 42 U.S.C. § 405(g), and this Court referred the matter to Magistrate Judge Goodwin. The Magistrate Judge issued a Report and Recommendation on August 18, 2015, recommending the Commissioner's decision be reversed and remanded. The Commissioner filed its objections on September 1, 2015. Doc. No. 16. Plaintiff filed a reply on September 10, 2015. Doc. No. 17. This matter is now ripe for review.

---

[1] The ALJ's decision stands as the Commissioner's final determination of Plaintiff's applications because the Social Security Administration Appeals Council denied Plaintiff's request to review the ALJ's decision. AR 3-7; *see also* 20 C.F.R. §§ 404.981, 416.1481.

## Standard of Review

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted).

## Analysis

The Magistrate Judge recommended reversal of the Administrative Law Judge's ("ALJ") decision because the ALJ's decision did not adequately discuss the effect of Plaintiff's obesity on her other severe impairments. Doc. No. 15, at 5, 8-9. The Magistrate Judge based his recommendation on three unpublished Tenth Circuit decisions, *DeWitt v. Astrue*, 381 F. App'x, 786 (10th Cir. 2010), *Hamby v. Astrue*, 260 F. App'x 112 (10th Cir.2008), and *Baker v. Barnhart*, 84 F. App'x 10 (10th Cir.2003), which articulated certain standards for discussing the effects of obesity under Social Security Ruling ("SSR") 02 –1p. Doc. No. 15, at 7-9. Based on these standards, the Magistrate Judge found that the ALJ had failed "to adequately discuss the functional limitations that may be caused by Plaintiff's obesity, or the combined effect of this severe impairment with Plaintiff's additional impairment." *Id.* at 8-9.

After the Magistrate Judge issued his Report and Recommendation, however, the Tenth Circuit issued an opinion in the matter of *Smith v. Colvin*. No. 15-6001, 2015 WL 5315660 (10th Cir. Sept. 14, 2015). The opinion in *Smith* indicates that the standards articulated in *Baker*, *Hamby*, and *DeWitt* are not required under SSR 02 –1p. *Id.* at *2. As in this case, the ALJ in *Smith* determined that the applicant had the severe impairment of,

*inter alia*, obesity. *Id.* at *1. Taking the applicant's impairments under consideration, the ALJ found that the applicant could perform light work available in the economy and was not disabled. *Id.* The applicant objected, arguing, similarly to Plaintiff Sanders, that the ALJ's decision was in error because he did not analyze or discuss her obesity after determining it was a severe impairment. *Id.* at *2. The Tenth Circuit understood the applicant's argument to suggest that for "each piece of evidence" an ALJ discusses when formulating an applicant's RFC, the ALJ must also "note the absence of any evidence that her obesity resulted in additional functional limitations or exacerbated any other impairment." *Id.* The Tenth Circuit rejected this argument, "declin[ing] to impose such a requirement on the ALJ," and affirmed the ALJ's decision as comporting with the requirements under SSR 02–1p. *Id.* at *2, 4.

Here, the Magistrate Judge recommended reversing the ALJ's decision for reasons similar to those the Tenth Circuit rejected in *Smith*, issued after the Magistrate Judge's Report and Recommendation. The Court is persuaded by *Smith*, and finds the ALJ's discussion of obesity to comport with the requirements of SSR 02–1p.

## Conclusion

In accordance with the foregoing, the Court declines to adopt the Report and Recommendation of the Magistrate Judge, Doc. No. 15. Because Judge Goodwin only considered one of Plaintiff's arguments in this case, this Court re-refers this matter to Judge Goodwin to consider the remaining arguments.

IT IS SO ORDERED this 21st day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE